**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

Tennille Decoste
Plaintiff

Case # ____________
Judge ____________

vs.
The City of Boynton Beach
Defendant

---

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
- ☐ Residential Evictions
- ☐ Non-residential Evictions

☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION: [ ]**
(Specify)

5

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Arthur T Schofield Fla. Bar # 984434
Attorney or party (Bar # if attorney)

Arthur T Schofield 11/06/2024
(type or print name) Date

Filing #210385651 E-Filed 11/06/2024 11:34:44 AM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.

TENNILLE DECOSTE, )
)
Plaintiff, )
)
vs. )
)
THE CITY OF BOYNTON BEACH, )
a Florida Municipal corporation, )
)
Defendant. )
_____________________________/

**COMPLAINT**

Plaintiff TENNILLE DECOSTE ("DECOSTE"), by and through the undersigned counsel, files this Complaint against Defendant CITY OF BOYNTON BEACH ("CITY"), a Florida municipal corporation, and alleges:

## INTRODUCTION

1. Plaintiff DECOSTE, a former employee of Defendant CITY, brings this action to redress violations of the Civil Rights Act of 1964, § 701 et seq., as amended by 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1991, § 102 et seq. ("Title VII"), and the Florida Civil Rights Act of 1992, § 760.01 et seq., Fla. Stat. (2006) ("FCRA") based on the race discrimination and retaliation she endured by Defendant CITY.

## JURISDICTION

2. This is an action for damages exceeding $50,000.00.

3. All material acts and occurrences described herein occurred within Palm Beach County, Florida.

4. DECOSTE is *sui juris* and a female resident of Palm Beach County, Florida.

5. The CITY is a municipal corporation, organized and existing under the laws of the State of Florida.

## FACTS

6. DECOSTE was employed as the Director of Human Resources for the CITY for approximately one year.

7. In September 2023, DECOSTE was advised that the City Manager, Daniel Dugger, and Deputy City Manager, Andrew Mack, stated that she was hiring too many black women.

8. DECOSTE spoke with Mr. Dugger and requested that the CITY investigate but no action was taken.

9. In November 2023, Messrs. Dugger and Mack made the comment again, and again, DECOSTE spoke with Mr. Dugger and requested that the CITY investigate but no action was taken.

10. On November 30, 2023, DECOSTE spoke to the City Attorney, Shawna Lamb, about the comment and she stated "let's move forward from the black comment."

11. On December 7, 2023, DECOSTE filed a formal complaint of race discrimination with the CITY's Mayor, Ty Penserga, sharing with him that she had

been accused by Messrs. Dugger and Mack of hiring too many black employees.

12. All employees hired during DECOSTE's time as the Director of Human Resources were hired for the sole reason that each scored highest based on the assessment of a panel which she was not a part of.

13. On December 12, 2023, just 5 days later, DECOSTE was placed on administrative leave.

14. While on leave, the CITY commenced an investigation into anonymous complaints about her in connection with her campaigning for election as a Commissioner for the City of Delray Beach.

15. The investigation into the anonymous complaints turned into a witch hunt to identify any violation of the CITY's policies or procedures. A total of 32 witnesses were interviewed and 40 categories of documents and 88,000 records were reviewed, resulting in a 31 page report.

16. On December 19, 2023, DECOSTE filed a second formal complaint of race discrimination and retaliation with the CITY's Mayor, Ty Penserga.

17. The investigation into the anonymous complaints was concluded on February 22, 2024, and DECOSTE was terminated from her employment the very next day.

18. Contrary to CITY's policies and procedures, it did not utilize any form of progressive discipline and DECOSTE was not afforded a name clearing hearing or opportunity to speak with the CITY before the decision was finalized.

19. While DECOSTE was out on administrative leave, the CITY terminated all of the four (4) black women hired during DECOSTE's employment.

20. Further, the CITY to no action to investigate either of the formal complaints made by DECOSTE.

21. All conditions precedent to filing this action have been satisfied and/or waived. Specifically, DECOSTE filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") over six months ago and the Department of Justice has issued a Notice of Right to Sue.

22. DECOSTE has retained the undersigned counsel and agreed to a pay a reasonable fee for his services.

**COUNT I**
**(Title VII Race Discrimination)**

23. DECOSTE adopts and realleges paragraphs 1 through 22 as if fully set forth herein.

24. DECOSTE is Black as a result of her ancestry and has ethnic characteristics which make her a member of a protected class.

25. At all times material hereto, DECOSTE was an "employee" within the meaning of Title VII.

26. At all times material hereto, the CITY was an "employer" within the meaning of Title VII.

27. DECOSTE was terminated from her employment because of her race.

28. As a result of these discriminatory acts, DECOSTE has suffered lost wages, benefits and the financial security of steady full-time employment. She also suffered humiliation, embarrassment, emotional harm and damage to her professional

reputation.

WHEREFORE, DECOSTE demands judgment against the CITY as follows:

A. Compensatory damages;

B. Back pay and benefits;

C. Attorney's fees and costs;

D. Injunctive relief; and

E. Such other relief as this Court shall consider to be fair and equitable.

**COUNT II**
**(FCRA Race Discrimination)**

29. DECOSTE adopts and realleges paragraphs 1 through 22 as if fully set forth herein.

30. At all times material hereto, DECOSTE was a "person" within the meaning of the Florida Civil Rights Act of 1992.

31. At all times material hereto, the CITY was an "employer" within the meaning of the Florida Civil Rights Act of 1992.

32. DECOSTE was terminated from her employment because of her race.

33. As a result of these discriminatory acts, DECOSTE has suffered lost wages, benefits and the financial security of steady full-time employment. She also suffered humiliation, embarrassment, emotional harm and damage to her professional reputation.

WHEREFORE, DECOSTE demands judgment against the CITY as follows:

A. Compensatory damages;

B. Back pay and benefits;

C. Attorney's fees and costs;

D. Injunctive relief; and

E. Such other relief as this Court shall consider to be fair and equitable.

**COUNT III**
**(Title VII Retaliation)**

34. DECOSTE adopts and realleges paragraphs 1 through 22 as if fully set forth herein.

35. DECOSTE complained of the racially discriminatory comments and accusations on multiple occasions.

36. At all times material hereto, DECOSTE was an "employee" within the meaning of Title VII.

37. At all times material hereto, the CITY was an "employer" within the meaning of Title VII.

38. DECOSTE was subjected to baseless complaints, a which hunt and ultimately terminated from her employment because of her complaints regarding the racially discriminatory comments and accusations.

39. As a result of these retaliatory acts, DECOSTE has suffered lost wages, benefits and the financial security of steady full-time employment. She also suffered humiliation, embarrassment, emotional harm and damage to her professional reputation.

WHEREFORE, DECOSTE demands judgment against the CITY as follows:

A. Compensatory damages;

B. Back pay and benefits;

C. Attorney's fees and costs;

D. Injunctive relief; and

E. Such other relief as this Court shall consider to be fair and equitable.

**COUNT IV**
**(FCRA Retaliation)**

40. DECOSTE adopts and realleges paragraphs 1 through 22 as if fully set forth herein.

41. DECOSTE complained of the racially discriminatory comments and accusations on multiple occasions.

42. At all times material hereto, DECOSTE was a "person" within the meaning of the Florida Civil Rights Act of 1992.

43. At all times material hereto, the CITY was an "employer" within the meaning of the Florida Civil Rights Act of 1992.

44. DECOSTE was subjected to baseless complaints, a which hunt and ultimately terminated from her employment because of her complaints regarding the racially discriminatory comments and accusations.

45. As a result of these retaliatory acts, DECOSTE has suffered lost wages, benefits and the financial security of steady full-time employment. She also suffered humiliation, embarrassment, emotional harm and damage to her professional reputation.

WHEREFORE, DECOSTE demands judgment against the CITY as follows:

A. Compensatory damages;

B. Back pay and benefits;

C. Attorney's fees and costs;

D. Injunctive relief; and

E. Such other relief as this Court shall consider to be fair and equitable.

**COUNT V**
**(Public Whistle-blower Act)**

46. DECOSTE adopts and realleges paragraphs 1 through 22 as if fully set forth herein.

47. Section 112.3187 of the Florida Statutes provides, in part, that agencies, such as the CITY, are prohibited from taking retaliatory actions against employees who report violations of the law or who disclose information to appropriate agencies alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.

48. DECOSTE was subjected to a suspension, unwarranted complaints and investigations, and terminated from her employment because she reported violations of the law and disclosed information protected under Section 112.3187 of the Florida Statutes.

49. As a result of the retaliation, DECOSTE lost wages and benefits associated with her employment and suffered humiliation, embarrassment, and emotional distress.

WHEREFORE, DECOSTE demands judgment against the CITY for:

A. Reinstatement to the same position held before the retaliation, or to an equivalent position or reasonable front pay;

B. Reinstatement of full fringe benefits and seniority rights;

C. Compensation for lost wages, benefits, and other remuneration caused by the retaliation;

D. Payment of all reasonable costs, including attorney's fees; and

E. Issuance of an injunction.

**DEMAND FOR JURY TRIAL**

Pursuant to Fla.R.Civ.P. 1.430(b), DECOSTE hereby demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted this 6th day of November 2024.

/s/ Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
Phone: (561) 655-4211
Facsimile: (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

ATTORNEY FOR PLAINTIFF

**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT

5543697

Printed On:
11/07/2024 01:25
Page 1 of 1

**Receipt Number: 5543697 - Date 11/07/2024 Time 1:25PM**

| | | | |
|---|---|---|---|
| **Received of:** | Arthur T Schofield PA<br>330 Clematis Street<br>Suite 207<br>West Palm Beach, FL 33401 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 11972792 | **Remaining Balance:** | 0.00 |
| **Division:** | AE: Circuit Civil Central - AE(Civil) | | |

**Case# 50-2024-CA-010581-XXXA-MB -- PLAINTIFF/PETITIONER: DECOSTE, TENNILLE**

| Item | Balance | Paid | Bal Remaining |
|---|---|---|---|
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

**Payments**

| Type | Ref# | Amount |
|---|---|---|
| EFiling_CREDITCARD | 13008904 | **401.00** |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AE"
CASE NO.: 502024CA010581XXXAMB

TENNILLE DECOSTE,
Plaintiff/Petitioner

vs.

CITY OF BOYNTON BEACH,
Defendant/Respondent.

_______________________________________/

**ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES (DCMGJT)**

**THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

**ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months from the date of filing.** To that end, the following procedures and deadlines shall be strictly observed:

I. **SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE**

**Plaintiff/Petitioner is directed to serve this Order** upon each Defendant/Respondent with the Initial Complaint/Petition and Summons. The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

**Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

**Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

**NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE**

**SANCTION.**

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. **SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on May 8, 2026**. The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar. This Order serves as notice to the parties that failure to attend the Case Management Conference and Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing. See Fla. R. Civ. P. 1.200(j)(6).

The trial period begins the first business day of the immediately following week after the above-listed Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | March 6, 2025 Service under extension is only by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | May 5, 2025 |
| 3. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* and pleadings closed * | See Part III.B, infra | July 14, 2025 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | January 8, 2026 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | January 8, 2026 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | January 28, 2026 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | February 7, 2026 |
| 8. | Discovery Cut-Off | See Part III.H, infra | February 7, 2026 |
| 9. | Pre-Trial Meet & Confer | See Part III.I, infra | April 8, 2026 |
| 10. | Deposition Designations | See Part III.G, infra | April 18, 2026 |
| 11. | Deadline for Mediation | See Part IV, infra | April 28, 2026 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | May 3, 2026 |
| 13. | Jury Instructions and Verdict Form | See Part III.O, infra | May 5, 2026 |
| 14. | Trial Ready Date ** | See Part II, supra | May 8, 2026 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

** The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

## III. UNIFORM PRETRIAL PROCEDURES

### A. Timely Service and Defaults:

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY**

**DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per

specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **3 0 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

1. Discuss settlement;
2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being**

**heard**. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

**Summary Judgment and *Daubert* Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1. A list of all pending motions including Motions *In Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived**.
2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;
3. A statement of all issues of fact for determination at trial;
4. Lists of exhibits itemized as follows:

    a. Exhibits to be admitted by Plaintiff without objection;
    b. Exhibits to be admitted by Defendant without objection;
    c. Objected to Exhibits, with the specific basis for the objection stated.

    Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.
5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;
6. A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
7. Names of attorneys to try case and their contact information; and
8. The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or

other sanctions, including dismissal or default.

L. **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M. **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N. **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O. **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P. **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

## IV. MEDIATION

A. All parties are required to participate in mediation as follows:

1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.
3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.
4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure

1.730(b), unless waived.

B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2024-CA-010581-XXXA-MB 11/08/2024
Bradley G. Harper Circuit Judge

50-2024-CA-010581-XXXA-MB 11/08/2024
Bradley G. Harper
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene**

**derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502024CA010581XXXAMB AE

FC 11-19-24
2083 4:00PM

TENNILLE DECOSTE,

Plaintiff,

v.

**SUMMONS**

THE CITY OF BOYNTON BEACH,
a Florida Municipal corporation,

Defendant.
_______________________________/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on Defendant:

**THE CITY OF BOYNTON BEACH,**
By Service Upon:
Ty Penserga, Mayor,
In official capacity,
100 E. Ocean Avenue
Boynton Beach, Florida 33435

Defendant is required to serve written defenses to the complaint or petition on PLAINTIFF'S ATTORNEY **Arthur Schofield, Esq., Florida Bar No. 984434, ARTHUR T. SCHOFIELD, P.A., Via Jardin Building, Suite 207, 330 Clematis Street, West Palm Beach, FL 33401, Tel: (561) 655-4211 Fax: (561) 655-5447** within 20 days after service of this summons on that respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on petitioner's attorney or immediately thereafter. If respondent fails to do so, a default will be entered against that respondent for the relief demanded in the complaint or petition.

CLERK OF THE CIRCUIT COURT & COMPTROLLER PALM BEACH COUNTY

**JOSEPH ABRUZZO**
As Clerk of Said Court

By: ______________________
Deputy Clerk **JOSIE LUCCE**

[Court Seal]

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of the Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must mail or take a copy of your written response to the attorney named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el

tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORANT**

Des poursuites judiciares ont ete entreprises contre vous, Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de pendre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expendier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT

5548489

Printed On:
11/12/2024 06:44
Page 1 of 1

| **Receipt Number: 5548489 - Date 11/12/2024 Time 6:44PM** | | | |
|---|---|---|---|
| **Received of:** | Arthur T Schofield PA<br>330 Clematis Street<br>Suite 207<br>West Palm Beach, FL 33401 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 11977784 | **Remaining Balance:** | 0.00 |
| **Division:** | AE: Circuit Civil Central - AE(Civil) | | |

**Case# 50-2024-CA-010581-XXXA-MB -- PLAINTIFF/PETITIONER: DECOSTE, TENNILLE**

| Item | Balance | Paid | Bal Remaining |
|---|---|---|---|
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

**Payments**

| Type | Ref# | Amount |
|---|---|---|
| EFiling_CREDITCARD | 13037799 | **10.00** |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY

# RETURN OF SERVICE

**State of Florida** | **County of Palm Beach** | **15th Judicial Circuit Court**

Case Number: 502024CA010581XXXAMB

CTZ2024003443

Plaintiff:
**TENNILLE DECOSTE,**

vs.

Defendant:
**CITY OF BOYNTON BEACH,**

For:
Arthur Schofield
ARTHUR T. SCHOFIELD, P.A.
330 Clematis Street
Suite 207
West Palm Beach, FL 33401

Received by ENIL CERRANO on the 18th day of November, 2024 at 12:40 pm to be served on **The City Of Boynton Beach, By Service Upon: Ty Penserga, Mayor, In official capacity, 100 E. Ocean Avenue, Boynton Beach, FL 33435**.

I, ENIL CERRANO, do hereby affirm that on the **19th day of November, 2024** at **4:00 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS; COMPLAINT; CIVIL COVER SHEET AND ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES (DCMGJT)** with the date and hour of service endorsed thereon by me, to: **George Lagos** as **City Attorney** at the address of: **100 E. Ocean Avenue, Boynton Beach, FL 33435**, who stated they are authorized to accept service for **The City Of Boynton Beach, By Service Upon: Ty Penserga, Mayor, In official capacity**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: White, Height: 6'2", Weight: 160, Hair: Balding, Glasses: N

Under Penalties of perjury, I declare that I have the forgoing and that the facts stated in it are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the county in which service was affecte d in accordance with State Statutes

NOT A CERTIFIED COPY

**ENIL CERRANO**
2083

**COAST TO COAST PROCESS SERVICE INC.**
**4302 Hollywood Blvd.**
**#293**
**Hollywood, FL 33021**
**(786) 715-9299**

Our Job Serial Number: CTZ-2024003443

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Filing # 210590535 E-Filed 11/08/2024 02:01:28 PM

| | |
|---|---|
| DELIVERED | 11/19/2024 4:00 PM |
| SERVER | EC |
| LICENSE | 2083 |

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502024CA010581XXXAMB AE

TENNILLE DECOSTE,

Plaintiff,

v.

THE CITY OF BOYNTON BEACH,
a Florida Municipal corporation,

Defendant.
_________________________________/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on Defendant:

**THE CITY OF BOYNTON BEACH,**
By Service Upon:
Ty Penserga, Mayor,
In official capacity,
100 E. Ocean Avenue
Boynton Beach, Florida 33435

Defendant is required to serve written defenses to the complaint or petition on PLAINTIFF'S ATTORNEY **Arthur Schofield, Esq., Florida Bar No. 984434**, **ARTHUR T. SCHOFIELD, P.A., Via Jardin Building, Suite 207, 330 Clematis Street, West Palm Beach, FL 33401, Tel: (561) 655-4211 Fax: (561) 655-5447** within 20 days after service of this summons on that respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on petitioner's attorney or immediately thereafter. If respondent fails to do so, a default will be entered against that respondent for the relief demanded in the complaint or petition.

CLERK OF THE CIRCUIT COURT & COMPTROLLER PALM BEACH COUNTY

**JOSEPH ABRUZZO**
As Clerk of Said Court

By: ______________________
Deputy Clerk **JOSIE LUCCE**

[Court Seal]

NOT A CERTIFIED COPY

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

NOT A CERTIFIED COPY

**IMPORTANT**

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of the Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must mail or take a copy of your written response to the attorney named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el

tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORANT**

Des poursuites judiciares ont ete entreprises contre vous, Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de pendre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expendier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

NOT A CERTIFIED COPY