**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:24-cv-81529-MD**

TENNILLE DECOSTE,

     **Plaintiff,**

v.

THE CITY OF BOYNTON BEACH,

     **Defendant.**

                            /

**DEFENDANT'S UNOPPOSED MOTION FOR RECONSIDERATION OF**
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND**
**TO AMEND FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, **THE CITY OF BOYNTON BEACH** ("Defendant" or "the City") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 54(b) and S.D. Fla. Loc. R. 7.1, moves the Court for reconsideration of its January 29, 2026, Order Granting the City's Motion for Summary Judgment (Doc. 42) and to amend its Final Judgment (Doc. 43) to grant judgment in favor of the City as to Count V of Plaintiff's Complaint, in addition to the previously granted judgment as to Counts I-IV. In support of its request, The City states as follows:

1.　　On August 1, 2025, the City filed a Motion for Final Summary Judgment. (Doc. 22). In support of its Motion for Final Summary Judgment, the City submitted a Notice of Filing Exhibits with exhibits attached thereto (Doc. 20; Doc 20-1 through Doc. 20-35) and a Statement of Undisputed Material Facts. (Doc. 22).

2.　　As is relevant to the instant motion, in its Motion for Final Summary Judgment, the City explicitly requested final summary judgment as to "all of Plaintiff's claims." (Doc. 22 at 21). In its motion, the City specifically argued that it was entitled to summary judgment with respect

to Plaintiff's claim brought pursuant to the Florida Public Whistleblower Act ("FPWA"), Fla. Stat. §112.3187—Count V of Plaintiff's Complaint. (Doc. 22 at 1, 5-9, 12-21).

3.      On the same day that Plaintiff filed her Response in Opposition to the City's Motion for Final Summary Judgment, she also filed a Stipulation of Dismissal with Prejudice of Count V, wherein Plaintiff "voluntarily dissmisse[d] Count V of her Complaint with prejudice pursuant to Fed. R. Civ. P. 41(A)(1)(ii)." (Doc. 29 at 1). The City stipulated to the dismissal. (Doc. 29 at 1).

4.      Importantly, in Plaintiff's Response in Opposition to the City's Motion for Final Summary Judgment (Doc. 28), Plaintiff did not include any argument or otherwise respond to the City's arguments regarding its entitlement to Final Summary Judgment as to Count V of Plaintiff's complaint. Instead, Plaintiff's response references only Title VII and the Florida Civil Rights Act—Counts I-IV of the Complaint. *See e.g.*, (Doc. 28 at 8-10).

5.      Thereafter, in its Reply in Support of its Motion for Final Summary Judgment, the City referenced its arguments in its Motion for Final Summary Judgment and again requested "final summary judgment as to all of Plaintiff's claims." (Doc. 32 at 2, 11).

6.      In its Order granting the City's Motion for Final Summary Judgment, the Court acknowledged Plaintiff's voluntary dismissal of Count V with prejudice:

> Specifically, the Complaint asserts five causes of action: race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); race discrimination, in violation of the Florida Civil Rights Act ("FCRA") (Count II); retaliation, in violation of Title VII (Count III); retaliation, in violation of the FCRA (Count IV); and retaliation, in violation of the Florida Public Whistleblower Act, Florida Statutes Section 112.3187 *et seq.* (Count V). [ECF No. 1-1]. On December 9, 2024, the City timely removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 based on the Title VII claims. [ECF No. 1]. On August 25, 2025, Plaintiff filed a Stipulation of Dismissal as to Count V. [ECF No. 29]. Therefore, only the Title VII and FCRA claims (Counts I–IV) remain.

(Doc. 42 at 7).

2

7.     The Court went on to explain that "[o]n August 1, 2025, the City filed the Motion now before this Court seeking summary judgment as to all remaining counts in the Complaint." (Doc. 42 at 7). Ultimately, the Court granted final summary judgment in the City's favor "as to all remaining Counts of the Complaint" and entered Final Judgment in favor of the City on January 29, 2026. (Doc. 42 at 37; Doc. 43).

8.     Plaintiff filed a Notice of Appeal to the Eleventh Circuit Court of Appeals on February 26, 2026. (Doc. 46).

9.     Prior to Plaintiff filing her initial brief, the Eleventh Circuit, *sua sponte*, issued an opinion dismissing Plaintiff's appeal for lack of jurisdiction. (Doc. 51 at 7). Therein, the Eleventh Circuit held that Plaintiff's stipulated dismissal of Count V pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) "was ineffective because it sought to resolve only one of the five claims pending against [the City], rather than the entire action." (Doc. 51 at 4). Therefore, because this Court's Order Granting the City's Motion for Summary Judgment, only granted judgment as to Counts I-IV, the Eleventh Circuit explained that "Count V is still pending." (Doc. 51 at 4). Accordingly, the Eleventh Circuit found that this Court's Final Judgment was not "a final, appealable order." (Doc. 51 at 5).

10.    In light of the Eleventh Circuit's Order, the City asks that the Court reconsider its order on the City's Motion for Final Summary Judgment and, to the extent the Court failed to rule on the City's entitlement to summary judgment as to Count V of Plaintiff's Complaint, that an order be entered granting final judgment in favor of the City with respect to Count V, and to amend its Final Judgment to reflect the same.

3

## MEMORANDUM OF LAW

This motion is necessitated by the Eleventh Circuit's determination that Plaintiff's stipulated dismissal of Count V pursuant to Rule 41(a)(1)(A)(ii) was ineffective because it dismissed fewer than all claims in the action, leaving Count V unresolved and rendering this Court's Final Judgment non-final. (Doc. 51). The City therefore seeks reconsideration solely to obtain a ruling on Count V, which was fully briefed in the City's summary judgment motion but was not adjudicated because all parties and the Court understood the stipulation to have removed that claim from the case.

Pursuant to Rule 54(b) an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. Rule 54(b) (emphasis added). Accordingly, this Court has "the discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered." *Grasso v. Electrolux Home Prod. Inc.*, No. 15-20774-Civ-Scola, 2016 WL 2625746, at *1 (S.D. Fla. Mar. 24, 2016) (internal citations omitted).

"[U]nlike motions to alter or amend judgment under Rule 59(e), there are no specific deadlines within which a motion for reconsideration of an interlocutory order under Rule 54(b) must be filed." *Hadden v. Univ. Accounting Servs.*, No 18-CV-81385-MARRA, 2021 WL 12297784, at *1 (S.D. Fla. Feb. 25, 2021). "Whether such a motion is timely filed rests solely on whether it was filed unreasonably late." *Id.*

Motions for reconsideration of non-final orders pursuant to Rule 54(b) are subject to the same standard applicable to motions to alter or amend judgment under Rule 59(e) or Rule 60(b). *Id.* (citing *Region 8 Forest Serv. v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993)). "To balance

4

the competing interests of finality on the one hand and 'the public interest in reaching the right result' on the other, *id.*, a party seeking reconsideration must demonstrate the availability of newly-discovered evidence, a manifest error of law or fact, or an intervening change in controlling law." *Boneta v. Am. Med. Sys., Inc.*, No. 20-CIV-60409-RAR, 2021 WL 2037797, at *2 (S.D. Fla. May 21, 2021) (citing *Waite v. All Acquisition Corp.*, 194 F. Supp. 3d 1298, 1307 (S.D. Fla. 2016)). "Motions for reconsideration . . . are to be decided as justice requires." *Jones v. City of Palm Beach Gardens*, No. 16-81247-Civ-Scola, 2022 WL 16745733, at *2 (S.D. Fla. Nov. 7, 2022) (internal quotations omitted).

Justice requires reconsideration of the Court's summary judgment order in this case. The City's Motion requested entry of final judgment on Count V of Plaintiff's complaint and included argument establishing the City's entitlement to the same. But for the Parties and this Court's mistake of law regarding the effect of Plaintiff's voluntary dismissal, Count V would have been addressed by this Court in its order. Accordingly, grounds exist for this Court to revisit its previous summary judgment order to address Count V. *See Boneta*, 2021 WL 2037797, at *2 ("Clear error or manifest injustice occurs where the Court . . . has made an error not of reasoning but of apprehension.").

Based on the proceedings before this Court and the Court's analysis in its Order Granting the City's Motion for Summary Judgment, the City is entitled to final summary judgment in its favor on Count V for the following two reasons. First, Plaintiff's conduct both in filing the ineffective voluntary dismissal of Count V and failure to include any argument in response to the City's Motion as to Count V make clear that Plaintiff abandoned Count V of the complaint. Indeed, "a ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned." *Doe v. Magical Cruise Co. LTD.*, No. 23-12816,

2024 WL 3649037, at *5 (11th Cir. Aug. 5, 2024) (quoting *Road Sprinkler Fitters Loc. Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994)). And, "[t]he fact that there is evidence in the record that *could* support alternative arguments . . . does not suffice." *Id.* (emphasis in original).

Second, even if Plaintiff had not abandoned Count V, the City would still be entitled to final summary judgment as to Plaintiff's FPWA retaliation claim for the same reasons this Court held it was entitled to final summary judgment as to Plaintiff's Title VII retaliation claim— Plaintiff failed to put forth evidence to demonstrate that any protected activity was the but-for cause of her termination from employment. (Doc. 42 at 31-37). Florida applies federal Title VII case law to claims brought under the Florida Public Whistleblower Act. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000); *Rustowicz v. N. Broward Hosp. Dist.*, 174 So. 3d 414 (Fla. 4th DCA 2015). This includes Title VII's but-for causation standard, which the Eleventh Circuit has held is equally applicable to claims under the FPWA. *Friedman v. Town of Pembroke Park*, No. 0:24-cv-60241-LEIBOWITZ/HUNT, 2024 WL 4802684, at *5 (S.D. Fla. Nov. 15, 2024) (citing *Lapham v. Walgreen Co.*, 88 F.4th 879, 893–94 (11th Cir. 2023), *cert. denied*, 2024 WL 4426640 (U.S. Oct. 7, 2024)). Thus, because Decoste's FPWA claim is premised on the same alleged protected activity and adverse employment action as her Title VII retaliation claim, it necessarily fails for the same reasons previously articulated by this Court in its Order Granting the City's Motion for Final Summary Judgment.

Succinctly, the Parties and this Court understood its Order Granting the City's Motion for Final Summary Judgment to dispose of all of Plaintiff's claims in this case. The Eleventh Circuit's order *sua sponte* dismissing Plaintiff's appeal for lack of jurisdiction makes clear that understanding was based on a mistake regarding the legal effect of Plaintiff's stipulated voluntary

6

dismissal of Count V. Absent reconsideration, the parties would be required to relitigate or rebrief issues that were already presented to the Court in connection with the City's summary judgment motion, despite Plaintiff's clear abandonment of Count V and the existence of a fully developed record. Such a result would elevate form over substance and unnecessarily delay final resolution of this action. Therefore, justice requires that this Court reconsider its previous summary judgment order, grant summary judgment in favor of the City as to Count V, and amend its Final Judgment to indicate the same.[1]

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. Local Rule 7.1(a)(2), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Defendant's counsel is authorized to represent that Plaintiff consents to the relief requested in this motion.

**WHEREFORE**, the City respectfully requests the Court grant the instant motion, enter an order granting summary judgment in favor of the City as to Count V of Plaintiff's Complaint, in addition to the previously granted judgment as to Counts I-IV, and amend its Final Judgment to reflect the same.

Dated this 14th day of August 2026.

---

[1] To the extent the Court determines that its failure to expressly adjudicate Count V resulted from oversight or omission arising from the parties' mistaken assumption that the claim had been effectively dismissed, amendment may also be appropriate under Rule 60(a).

Respectfully submitted,

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
*/s/ Kristen C. Diot*
**KRISTEN C. DIOT**
Florida Bar Number: 0118625
kdiot@sniffenlaw.com

**SNIFFEN & HARMON, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendant,*
*The City of Boynton Beach*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2026, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Southern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of records.

*/s/ Kristen C. Diot*
**KRISTEN C. DIOT**

8