**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-81529-DAMIAN**

**TENNILLE DECOSTE**,

Plaintiff,

v.

**THE CITY OF BOYNTON BEACH**,

Defendant.
______________________________/

**ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR RECONSIDERATION [ECF NO. 52]**

**THIS CAUSE** is before the Court on Defendant, the City of Boynton Beach's ("Defendant" or the "City"), Unopposed Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment and to Amend Final Judgment [ECF No. 52] (the "Motion"), filed August 14, 2026.

THE COURT has reviewed the Motion, the record, and the applicable law and is otherwise fully advised.

## I. RELEVANT BACKGROUND

Plaintiff, Tennille Decoste, filed this employment discrimination action on November 6, 2024. [ECF No. 1-1]. In the Complaint, Plaintiff asserts five claims: race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); race discrimination, in violation of the Florida Civil Rights Act ("FCRA") (Count II); retaliation, in violation of Title VII (Count III); retaliation, in violation of the FCRA (Count IV); and retaliation, in violation of the Florida Public Whistleblower Act ("FPWA"), Florida Statutes

Section 112.3187 *et seq*. (Count V). On August 1, 2025, Plaintiff filed a Stipulation of Dismissal as to Count V, her claims under the FPWA, voluntarily dismissing Count V with prejudice. [ECF No. 29]. This Court did not enter an Order of dismissal based on that stipulation.

On January 29, 2026, this Court entered an Order granting Defendant's Motion for Summary Judgment [ECF No. 22] as to Counts I through IV of Plaintiff's Complaint [ECF No. 42] and entered Final Judgment in favor of Defendant [ECF No. 43]. In doing so, this Court did not address Count V.

Plaintiff thereafter filed a Notice of Appeal and appealed the summary judgment order (ECF No. 42). [ECF No. 46]. On July 2, 2026, the Eleventh Circuit issued an opinion *sua sponte* finding that the court lacks jurisdiction over the appeal because Count V is still pending. Specifically, the Eleventh Circuit explained, "The Rule 41 stipulation purporting to dismiss Count V was ineffective because it sought to resolve only one of the five claims pending against [Defendant], rather than the entire action." [ECF No. 51 at 4 (citing Fed. R. Civ. P. 41(a)(1)(A)(ii); *Rosell v. VMSB, LLC*, 67 F. 4th 1141, 1144 (11th Cir. 2023); *Esteva v. UBS Fin. Servs. Inc. (In re Esteva)*, 60 F. 4th 664, 677 (11th Cir. 2023) (internal quotations omitted))]. [ Consequently, the court held that "[b]ecause Count V has not been resolved, Decoste's appeal is not taken from a final, appealable order." *Id*. (citing *Supreme Fuels Trading FZE v. Sargeant*, 689 F. 3d 1244, 1246 (11th Cir. 2012); 28 U.S.C. § 1291). The court dismissed the appeal for lack of jurisdiction. *Id*. The Eleventh Circuit issued its Mandate on July 31, 2026. *Id*. at 2.

## II. DEFENDANT'S MOTION FOR RECONSIDERATION

In the Motion now before this Court, Defendant seeks reconsideration so that this Court may resolve Count V and amend the Final Judgment accordingly. *See* Mot. Defendant indicates that they have conferred with Plaintiff's counsel, who does not oppose the relief requested.

Federal Rule of Civil Procedure 54(b) provides that an order adjudicating fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). As Defendant points out, this Court has "the discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered." Mot. at 4 (citing *Grasso v. Electrolux Home Prod. Inc.*, No. 15-20774-Civ-Scola, 2016 WL 2625746, at *1 (S.D. Fla. Mar. 24, 2016)).

The undersigned agrees that reconsideration is warranted to correct the mistake regarding the legal effect of Plaintiff's stipulated dismissal and to resolve Count V, which has not been formally dismissed by the Court. Upon reconsideration and based on the reasons set forth in the Motion, as to which the parties agree, this Court finds that Defendant is entitled to the entry of judgment as to Count V.

## III. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that Defendant's Unopposed Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment and to Amend Final Judgment **[ECF No. 52]** is **GRANTED**. It is further

ORDERED that this Court's January 29, 2026 Order Granting Defendant's Motion for Summary Judgment **[ECF No. 42]** is **AMENDED** to reflect that Defendant's Motion for

Summary Judgment **[ECF No. 22]** is **GRANTED** as to Count V of Plaintiff's Complaint, in addition to Counts I through IV.

This Court will enter an Amended Final Judgment by separate order.

**DONE AND ORDERED** in the Southern District of Florida on September 17, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record